01

02

03

04

05

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMOTHY J. HANSON,                    )
                                      )
            Plaintiff,                )     CASE NO. C07-1141RSL
                                      )
      v.                              )
                                      )     DECISION REGARDING SOCIAL
MICHAEL J. ASTRUE, Commissioner       )     SECURITY DISABILITY APPEAL
of Social Security,                   )
                                      )
            Defendant.                )
_____)

Plaintiff Timothy J. Hanson proceeds through counsel in his appeal of a final

decision of the Commissioner of the Social Security Administration ("Commissioner").

The Commissioner denied plaintiff's applications for Disability Insurance ("DI") and

Supplemental Security Income ("SSI") benefits after a hearing before an Administrative

Law Judge ("ALJ").  Having considered the ALJ's decision, the administrative record

("AR"), and the papers submitted by the parties, the Court finds that the

Commissioner's decision must be REVERSED and this matter REMANDED for further

administrative proceedings.

DECISION REGARDING SOCIAL
SECURITY DISABILITY APPEAL - 1

01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born in 1960.[1]  From 1980-1991, plaintiff worked as a machinist.

AR 68.  Between 1993 and 1995, plaintiff had a series of jobs working as a stocker,

addresser, and janitor.  AR 68.  He also had unexplained earnings in 1999 and 2000.  In

December 2000, plaintiff stopped working because he was experiencing back pain and

suffered from depression with suicidal ideation.  AR 67.

Plaintiff filed an SSI application in March 2002 and a DI application in May

2002.  AR 59-89.  His applications were denied at the initial level and on

reconsideration.  At plaintiff's request, ALJ John Bauer held a hearing on June 2, 2004,

at which testimony was taken from plaintiff and vocational expert Michael Swanson.

AR 538-84.  The ALJ issued a decision finding plaintiff not disabled.  AR 402-08.

Plaintiff timely appealed and the Appeals Council vacated the ALJ's decision and

remanded for further proceedings.  AR 410-12.  Upon remand, the ALJ held a second

hearing (AR 585-621) and again found that plaintiff is not disabled (AR 17-27).  The

Appeals Council accepted additional evidence for the record, but denied plaintiff's

request for review on May 23, 2007, making the ALJ's decision the final decision of the

Commissioner.  AR 8-11.  Plaintiff then appealed to this Court.

---

[1] Only the year of plaintiff's birth is identified in accordance with the General Order of the
Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy
adopted by the Judicial Conference of the United States.

DECISION REGARDING SOCIAL
SECURITY DISABILITY APPEAL - 2

01

02    **JURISDICTION**

03        The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C.

04    § 405(g).

05    **DISCUSSION**

06        As the claimant, Mr. Hanson bears the burden of proving that he is disabled

07    within the meaning of the Social Security Act (the "Act").  Meanel v. Apfel, 172 F.3d

08    1111, 1113 (9th Cir. 1999).  The Act defines disability as the "inability to engage in any

09    substantial gainful activity" due to a physical or mental impairment which has lasted, or

10    is expected to last, for a continuous period of not less than twelve months.  42 U.S.C.

11    §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if his

12    impairments are of such severity that he is unable to do his previous work and cannot,

13    considering his age, education, and work experience, engage in any other substantial

14    gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A),

15    1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

16        The Commissioner follows a five-step sequential evaluation process for

17    determining whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520, 416.920

18    (2000).  At step one, the Commissioner must determine whether the claimant is

19    gainfully employed.  In this case, the ALJ found that plaintiff had not engaged in

20    substantial gainful activity since December 31, 2000, his alleged onset date.  AR 20.  At

21    step two, it must be determined whether the claimant suffers from a severe impairment.

22    The ALJ found that plaintiff's "degenerative joint disease" and depression are severe.

DECISION REGARDING SOCIAL
SECURITY DISABILITY APPEAL - 3

AR 20.  Step three asks whether the claimant's impairments meet or equal a listed

impairment, which the ALJ answered in the negative.  AR 21-22.  In such

circumstances, the Commissioner must assess claimant's residual functional capacity

("RFC") and determine at step four whether he has demonstrated an inability to perform

past relevant work.  The ALJ found that plaintiff's RFC falls between sedentary and

light exertional levels with the ability to stand or walk for at least two hours in an eight-

hour day, occasionally lift up to twenty pounds, frequently lift up to ten pounds, and

occasionally stoop, crouch, crawl, and climb ramps and stairs.  The ALJ specifically

noted that any work involving climbing ladders, ropes, or scaffolds, concentrated

exposure to vibration, heights, or moving machinery, and frequent contact with co-

workers or the public should be avoided.  AR 22.  Given these limitations, the ALJ

determined that plaintiff was able to perform his past relevant work as an addresser and

is not disabled.  AR 26-27.

    This Court's review of the ALJ's decision is limited to whether the decision is in

accordance with the law and whether the findings are supported by substantial evidence

in the record as a whole.  See Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993).

Substantial evidence means more than a scintilla, but less than a preponderance; it

means such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion.  Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).  In determining

whether there is substantial evidence supporting the final administrative decision, the

Court must consider "the entire record as a whole, weighing both the evidence that

DECISION REGARDING SOCIAL
SECURITY DISABILITY APPEAL - 4

supports and the evidence that detracts from the Commissioner's conclusion . . . and may not affirm simply by isolating a specific quantum of supporting evidence." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citations omitted).  The Court may not, however, substitute its judgment for that of the Commissioner if the evidence can reasonably support either affirming or reversing the benefits determination.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

Plaintiff argues that the Commissioner erred in (a) failing to consider the supplemental report of a treating physician, (b) rejecting the opinions of plaintiff's treating physicians, (c) relying upon the opinions of the agency's medical consultants, and (d) determining that plaintiff was not disabled.  He requests a remand for an award of benefits or, in the alternative, for further administrative proceedings.  The Commissioner argues that the ALJ properly evaluated the evidence and that his decision should be affirmed.

A.  Physicians' Opinions

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight should be given to the opinion of an examining physician than to a non-examining physician.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).  Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "clear and convincing" reasons.  Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).  If the treating doctor's opinion

is contradicted by another doctor, "the ALJ may not reject this opinion without

providing 'specific and legitimate reasons' supported by substantial evidence in the

record." Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (quoting Lester, 81 F.3d at

830). Where the opinion of the treating physician is contradicted and the non-treating

physician's opinion is based on independent clinical findings that differ from those of

the treating physician, the opinion of the non-treating physician may itself constitute

substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). If the

competing medical reports are entitled to similar weight and are inconclusive as to the

diagnosis or ultimate finding of disability, it is the sole province of the ALJ to resolve

any conflicts in the testimony. Magallanes, 881 F.2d at 751.

      1.    Dr. Ellen Lynn Chapman

      Plaintiff argues that the Commissioner erred in his handling of the opinion of

plaintiff's treating physician, Dr. Chapman. At the end of the second hearing, the ALJ

kept the record open for an additional thirty days. AR 620. Plaintiff obtained a

supplemental report from Dr. Chapman (AR 535), but it is not clear when the

Commissioner received it. At the time the ALJ issued his decision on September 22,

2006, he noted that "no statement from Dr. Chapman was submitted and the record was

closed." AR 18. On appeal, the Appeals Council accepted the supplemental report but

declined to review the ALJ's decision because the record, including the additional

report, "does not provide a basis for changing the Administrative Law Judge's

decision." AR 9.

01

02          There is no evidence from which the Court could conclude that the ALJ received,

03

04    but ignored, Dr. Chapman's August 4, 2006, report.  When the report was presented to

05    the Appeals Council, it followed the same procedure that was used in <u>Ramirez v.</u>

06    <u>Shalala</u>, 8 F.3d 1449, 1452 (9th Cir. 1993):  the Council accepted the supplemental

07    report, considered it when determining whether or not to grant review, and made it part

08

09    of the record for purposes of this appeal.  The Appeals Council was not required to

10    make specific findings before rejecting Dr. Chapman's opinion.  "We now examine the

11    full record, including the supplemental material," to determine whether the record as a

12    whole provides substantial support for the Commissioner's decision.  <u>Ramirez</u>, 8 F.3d at

13    1454.

14          2.      <u>Dr. Stephanie Baker</u>

15          On July 12, 2004, Dr. Baker completed a "Medical Source Statement of Ability

16    To Do Work-Related Activities (Physical)."  AR 392-95.  Dr. Baker opined that

17    plaintiff's degenerative disc disease and disc herniation limit his ability to carry more

18    than ten pounds or stand/walk more than two hours in an eight-hour day and require

19    alternating between sitting and standing to relieve pain and discomfort.  The ALJ

20    afforded this opinion "very little weight" because (1) the etiology of plaintiff's back

21    pain was unclear and all studies were negative; (2) Dr. Baker noted that the increased

22

23    pain reported by plaintiff was due to psychosocial factors; (3) the back condition was

24    "benign" and walking posed no danger of further injury; (4) Dr. Baker's separate

25    diagnosis of hand arthritis was wholly unsupported; and (5) plaintiff assisted in the

26

DECISION REGARDING SOCIAL
SECURITY DISABILITY APPEAL - 7

completion of the Medical Source Statement.  AR 24-25.

Because the agency's medical consultant contradicted some of Dr. Baker's opinions, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence in the record" for rejecting the treating physician's opinions. Lester, 81 F.3d at 830-31.[2]  Although the ALJ provided specific reasons for discounting Dr. Baker's opinions, they are not "legitimate."  Most of the justifications provided by the ALJ rely on a selective and non-contextual reading of the treatment notes or are not relevant to the functional capacity limitations described by the physician.  The ALJ rejected Dr. Baker's opinion that plaintiff could stand and/or walk for less than two hours in an eight-hour day because the cause of his back pain was unclear and "all studies were negative."  This explanation verges on the nonsensical and is not supported by substantial evidence in the record.  All of the medical sources, including Dr. Timothy Smith (whose opinion the ALJ adopted), agree that plaintiff's back causes him pain: their inability to identify a cause of the injury is irrelevant to an evaluation of how the acknowledged pain limits his daily activities.  Contrary to the statement that "all studies were negative," the diagnostic imaging performed on plaintiff consistently showed abnormalities of the spine resulting in a diagnosis of degenerative joint disease.  AR 160, 163, and 269.

Dr. Baker's hypothesis that plaintiff's increased pain is the result of psychosocial

---

[2]  The consulting physician's opinion is not based on independent clinical findings that differ from those considered by the treating physician:  the opinion of the non-treating physician is not, therefore, substantial evidence in and of itself.  Andrews, 53 F.3d at 1041.

DECISION REGARDING SOCIAL
SECURITY DISABILITY APPEAL - 8

01 factors and her assurances that walking would not cause further harm, despite the pain,

02 do not contradict her conclusion that plaintiff can stand/walk for less than two hours in

03 an eight hour day.  Both Dr. Baker and Dr. Smith agree that plaintiff's back condition

04 restricts his activities.  Their disagreement regarding the extent of the limitations (Dr.

05 Smith says plaintiff can stand/walk for two to six hours in an eight hour day) cannot be

06 explained by reference to Dr. Baker's comments, which "must be read in context of the

07 overall diagnostic picture [s]he draws."  Holohan v. Massanari, 246 F.3d 1195, 1205

08 (9th Cir. 2001).

09
10
        The ALJ properly rejected Dr. Baker's opinion regarding plaintiff's manipulative

11 limitations.  Dr. Baker opined that plaintiff's bilateral hand arthritis and elbow

12 osteoplasty limited his ability to reach, handle, finger, and feel items.  AR 394.  The

13 ALJ noted, however, that there are no treatment notes or references in the record that

14 would support these diagnoses.  AR 25.[3]  Having provided "specific and legitimate

15 reasons" supported by substantial evidence in the record for rejecting Dr. Baker's

16 opinion regarding plaintiff's manipulative limitations, the ALJ could rely on the

17 consulting doctor's opinion that no manipulative limitations had been established.  AR

18 291.

19
20
        Finally, the ALJ appears to have discounted Dr. Baker's opinion in its entirety

21 because she "filled out the form with assistance from the claimant," making the opinion

22 "one of accommodation."  AR 25.  This argument flies in the face of clear circuit

23
24
25
26

        [3] The one study performed on plaintiff's right hand did not reveal any abnormalities.  AR 388.

precedent.  Instead of recognizing that treating physicians are in the best position to provide an overall assessment of a patient's functional capabilities because of their familiarity with the patient (Lester, 81 F.3d at 833), the ALJ discounted Dr. Baker's opinion because she conferred with plaintiff while completing the Commissioner's forms.  Dr. Baker treated plaintiff for a number of years and had ample opportunity to observe, examine, and evaluate plaintiff's residual functional capacity.  There is no evidence that her opinions were based solely on plaintiff's subjective complaints, which the ALJ found not credible, or that her opinions were unduly influenced, either consciously or unconsciously, by plaintiff's presence.  In the absence of other evidence that suggest improprieties or undermines the credibility of the treating physician, the Court will "not assume that doctors routinely lie in order to help their patients collect disability benefits."  Lester, 81 F.3d at 832 (quoting Ratto v. Secretary, 839 F. Supp. 1415, 1426 (D. Or. 1993)).

Although the ALJ properly rejected Dr. Baker's opinion regarding plaintiff's manipulative limitations, he failed to provide legitimate reasons based on substantial evidence in the record for disregarding Dr. Baker's opinions regarding plaintiff's other functional limitations.

       3.     <u>Dr. Penney Stringer</u>

On May 17, 2001, Dr. Stringer completed a Department of Social and Health Services Physical Evaluation form.  AR 147-48.  Dr. Stringer opined that plaintiff's low back pain with muscle spasms gave rise to a very significant impairment of his ability to

perform basic work-related activities.  In particular, Dr. Stringer found that plaintiff would be limited to sedentary work, meaning that he can lift up to ten pounds and should be permitted to sit throughout most of the day.  The ALJ afforded this assessment "very little weight" because Dr. Stringer subsequently advised plaintiff to avoid "heavy lifting."  AR 25 (referring to AR 282).

Dr. Stringer preceded Dr. Baker as plaintiff's treating physician at Community Health Centers of King County.  Their opinions regarding plaintiff's residual functional capacities are very similar and, therefore, provide substantial support for each other. The ALJ's single criticism of Dr. Stringer's opinion – that it is inconsistent with a treatment note advising plaintiff to avoid heavy lifting – ignores the overall course of treatment followed by Dr. Stringer and takes the "heavy lifting" comment out of context. When plaintiff went to see Dr. Stringer in January 2002, he reported that he was suffering from insomnia and that his back pain was getting worse.  Dr. Stringer and plaintiff suspected that the worsening pain was related to his recent efforts to rearrange the trailer in which he was living:  plaintiff was therefore advised to avoid such activities.  AR 282.  This comment was not an evaluation of plaintiff's lifting capabilities, nor does it indicate that plaintiff could or should lift twenty- or fifty-pound loads.  Such selective reliance on one portion of the physician's treatment notes ignores the context in which the note was written and does not provide a legitimate reason to ignore Dr. Stringer's opinion.  See Holohan, 246 F.3d at 1205.

4.      Dr. David Mashburn

On May 31, 2001, Dr. Mashburn conducted a psychological evaluation of plaintiff.  AR 152-53.  Dr. Mashburn opined that plaintiff suffers from major recurrent depression, superimposed on dysthymic disorder, and that he has a pain disorder with probable psychological component.  Dr. Mashburn recommended antidepressants and counseling, along with a thorough physical workup to determine whether his psychological problems were injury-related.  The ALJ did "not assign significant weight" to this assessment because Dr. Mashburn saw plaintiff only once and his opinions were based on the "claimant's exaggerated self report" and "presentation in the context of a disability evaluation."  AR 25.

The ALJ's criticisms of Dr. Mashburn's opinions do not provide legitimate justifications for their rejection.  As an examining physician, Dr. Mashburn had the opportunity to observe and examine plaintiff before opining on his mental status.  Dr. Matthew Comrie, on the other hand, never saw plaintiff, and yet his opinions were adopted by the ALJ.  If, as implied by the ALJ, a lack of personal knowledge and familiarity with plaintiff were legitimate reasons for rejecting a medical opinion, the ALJ would also have to reject Dr. Comrie's opinions.  Ninth Circuit precedent is clear, however, that the opinions of both examining and consulting physicians should be considered, with those offered by examining physicians having precedence over those of consulting physicians.  See Orn, 495 F.3d at, 631 (citing Social Security Administration regulations for the proposition that the opinions of examining physicians are afforded

more weight than those of non-examining physicians).

The ALJ's sweeping assumption that Dr. Mashburn's opinion is based in large part on plaintiff's self-report is not supported by substantial evidence in the record. Dr. Mashburn specifically noted plaintiff's affect during the examination and administered the Beck Depression Inventory before reaching his diagnosis. The diagnosis itself – major recurrent depression – is consistent with and supported by virtually all of the evidence in the record. Even Dr. Cromie, the agency expert on whose opinion the ALJ relies, acknowledges that plaintiff suffers from depressive disorder. Nor is the fact that plaintiff consulted with Dr. Mashburn for purposes of bolstering his disability benefits application relevant here. "The purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them. An examining doctor's findings are entitled to no less weight when the examination is procured by the claimant than when it is obtained by the Commissioner." Lester, 81 F.3d at 832. Based on the record in this case, it is not permissible to assume, as the ALJ apparently did, that Dr. Mashburn was unable to make an independent judgment regarding the plaintiff's condition or consciously lied to assist plaintiff in obtaining benefits. See Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993); Lester, 81 F.3d at 832.

B. Other Sources

In evaluating the weight to be given to the opinions of medical providers, Social Security regulations distinguish between "acceptable medical sources" and "other sources." Physician's assistants, such as Nurse Practitioner Deborah C. Gaebler, are

considered "other sources," and less weight will be assigned to their opinions than to the

opinions of physicians and other "acceptable medical sources."  Gomez v. Chater, 74

F.3d 967, 970 (9th Cir. 1996); 20 C.F.R. §§ 404.1513(a) and (e), 416.913(a) and (e).

Social Security Ruling 06-03p (available at 2006 WL 2329939) provides guidance when

evaluating relevant evidence from "other sources."  The weight given to such evidence

will depend on factors such as the source's qualifications, the subject of the opinion, the

length and frequency of the treatment relationship, the degree to which the opinion is

supported by other relevant evidence, and the explanation provided by the source.

"Each case must be adjudicated on its own merits based on a consideration of the

probative value of the opinions and a weighing of all the evidence in that particular

case."  SSR 06-03p.  Such weighing of the evidence is generally left to the province of

the ALJ (see Andrews, 53 F.3d at 1041; Magallanes, 881 F.2d at 751), who may

discount the testimony of an "other source" merely by providing reasons that are

germane to that witness (Dodrill, 12 F.3d 919).

In July 2006, Nurse Practitioner Gaebler completed a "Mental Residual

Functional Capacity Assessment" and summary of plaintiff's five-year course of

treatment at Seattle Mental Health.  AR 529-33.  Nurse Gaebler noted that plaintiff

suffers from major depressive disorder that is both recurrent and severe.  His symptoms

result in "marked restriction of activities of daily living, including attending to his

personal hygiene; marked difficulties in maintaining social functioning; marked

deficiencies in concentration resulting in frequent failure to complete tasks in a timely

manner (in work settings or elsewhere); and repeated episodes of decompensation in work-like settings which cause him to withdraw from that situation and to experience exacerbation of signs and symptoms." AR 529. The ALJ assigned "very little weight" to Nurse Gaebler's functional limitation assessment because (1) plaintiff reported reading up to six hours per day and playing video games up to four hours per day; (2) plaintiff reported traveling during the relevant time frame; (3) plaintiff was able to take care of himself and his wife; (4) plaintiff got married during the relevant time frame and had a good enough relationship with a neighbor that he paid for a vacation; (5) Nurse Gaebler misstated plaintiff's physical impairments; and (6) Nurse Gaebler noted that plaintiff was stable on his current medications. AR 25-26. Because the opinion of a nurse practitioner is not entitled to as much weight as a non-examining physician, the ALJ could properly resolve the evidentiary conflict between Nurse Gaebler's assessment and Dr. Comrie's opinion in the Commissioner's favor. Having identified one or more meaningful inconsistencies between plaintiff's activities and Nurse Gaebler's assessment, the Court finds no error in the ALJ's discounting of her opinions.

C. Reliance Upon Agency Consultants' Opinions

After rejecting the opinions of four out of five of plaintiff's medical providers, the ALJ assigned significant (and seemingly controlling) weight to the opinions of Drs. Smith and Comrie, the agency's consulting doctors. After summarizing their check-box opinions, the ALJ noted that, although neither Dr. Smith nor Dr. Comrie examined

plaintiff, they are experts in evaluating the medical and psychological issues in disability claims before the Social Security Administration and that their opinions are therefore accorded weight.  AR 25-26.  There is no doubt that the opinions of consulting physicians must be considered and are entitled to some weight.  They are not controlling, however, unless the opinions of the treating and examining physicians have been rejected for specific and legitimate reasons.  As discussed above, the ALJ has failed to provide legitimate reasons for ignoring the opinions of Drs. Baker, Stringer, and Mashburn.  In these circumstances, relying on a consulting physician's opinion simply because the expert is employed by the Commissioner contravenes clear circuit precedent and constitutes error.

D.   Remand

       The Court has discretion to remand for further proceedings or to award benefits.  Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).  The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose."  McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002).

          Such a circumstance arises when: (1) the ALJ has failed to provide legally
          sufficient reasons for rejecting the claimant's evidence; (2) there are no
          outstanding issues that must be resolved before a determination of disability
          can be made; and (3) it is clear from the record that the ALJ would be required
          to find the claimant disabled if he considered the claimant's evidence.

Id. at 1076-77.

       Plaintiff argues that a review of all of the evidence in this case, properly

DECISION REGARDING SOCIAL
SECURITY DISABILITY APPEAL - 16

weighed, results in an award of benefits because "substantial evidence supports a finding that the plaintiff is disabled."  Opening Brief at 10.  There is, however, substantial evidence that supports the contrary finding as well, making an award of benefits premature.  On remand, the ALJ shall credit as true the opinions of Drs. Baker,[4] Stringer, and Mashburn and shall consider the supporting opinions of Dr. Chapman and Nurse Practitioner Gaebler.  To the extent that these opinions are contradicted by the treatment notes of Dr. Mary Bartels, one of plaintiff's treating physicians (AR 295-334[5]), there is a conflict between the treating physicians' opinions which the ALJ must resolve after considering the record as a whole.  In these circumstances, the Court finds that further proceedings are necessary.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the Commissioner's final decision is hereby REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 16th day of June, 2008.

_MltrS Casnik_
Robert S. Lasnik
United States District Judge

---

[4]  The ALJ need not credit as true Dr. Baker's findings regarding manipulative limitations.

[5]  The Court notes that, despite some concern that plaintiff overstated his limitations and was more focused on obtaining disability benefits than treatment for his conditions, Dr. Bartels and her staff concluded that plaintiff was obviously impaired and functioned inadequately in a number of areas that could preclude gainful employment.  AR 326.

DECISION REGARDING SOCIAL
SECURITY DISABILITY APPEAL - 17